IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

      v.                                                                                        23-CR-99-LJV

SCOTT BARNES,

           Defendant.

---

### GOVERNMENT'S RESPONSE TO DEFENDANT BARNES'S SECOND MOTION TO UNSEAL THE SEARCH WARRANT AFFIDAVIT AND ADVISORY REGARDING DEFENDANT BARNES'S MOTION TO PROVIDE ACCESSIBLE ESI

**THE UNITED STATES OF AMERICA**, by and through its attorneys, Trini E. Ross, United States Attorney for the Western District of New York, Stacey N. Jacovetti, Assistant United States Attorney, of counsel, files the following motion response to the defendant's second motion to unseal the search warrant affidavit. For the reasons contained herein, and in the government's response to the defendant's first motion to unseal the search warrant affidavit (ECF No. 295), the defendant's request should be denied. This response also includes an advisory update regarding the defendant's motion to provide accessible ESI (ECF No. 316).

#### INTRODUCTION

      The defendant's second motion to unseal the search warrant application should be denied as the defendant has not satisfied his burden to demonstrate that he had both a subjective expectation of privacy, and one that society recognizes as reasonable, in the premises at 417 Northumberland Avenue. He therefore lacks standing to challenge the search warrant affidavit, as well as the resulting search of 417 Northumberland, and is thus not entitled to discovery of

the search warrant affidavit. Nor is he entitled to the search warrant affidavit for any other purpose. *See* ECF No. 315. The unsigned affidavit accompanying the defendant's second motion fails to satisfy his evidentiary burden and demonstrate a subjective expectation of privacy. Moreover, assuming *arguendo,* that the affidavit is given weight, and the Court were to find a subjective expectation of privacy, the outcome is unchanged. The defendant lacks standing because that expectation is not one that society recognizes as objectively reasonable.

The defendant's reliance on the property classification as "482 DET ROW BLDG" for 417 Northumberland to argue that apartments, and thereby residency, was permitted in the upper portion of 417 Northumberland, is an incomplete analysis of New York State building codes and classifications. "Commercial" properties in New York are assigned "400" numbers. https://www.tax.ny.gov/research/property/assess/manuals/prclas.htm. (last accessed Dec. 12, 2024). Specifically, 417 Northumberland is assigned code "482", which is defined as "a separate structure, without party walls, that is usually a two- or three-story older structure with retail sales/services on the first floor and offices and/or apartments on the upper floors." *Id.* The analysis does not end with identifying the general classification of the property. Rather, a property must also conform to the city's zoning regulations. A zoning regulation "sets limits on how a property owner may use land." https://www.nyc.gov/site/planning/zoning/about-zoning.page#:~:text=Zoning%20is%20a%20law%20that,on%20a%20piece%20of%20property. (last accessed Dec. 12, 2024). In this case, the zoning category is "D-IL-Emp-Light Indus." *See* ECF No. 295, Exhibit A. As discussed in the government's response to the defendant's first motion to unseal the search warrant affidavit, premises zoned for light industrial uses are "intended for low impact and moderate impact employment uses." With the appropriate permitting, such properties can be used as a residential care facility; or they contain a "dwelling

2

unit" for a "caretaker," but caretakers must be "employees who are responsible for maintenance and security in association with a principal on-site use." *See* Unified Dev. Ordinance, ECF No. 295, Exhibit B, at 152, 154. Accordingly, the defendant was not permitted by law to reside in the upper portion of 417 Northumberland Avenue.

## I.  RELEVANT FACTS

On November 22, 2024, the Court denied Mr. Barnes's motion to unseal the search warrant affidavit for 417 Northumberland Avenue, Buffalo, New York, without prejudice and invited Mr. Barnes to file a revised motion by December 6, 2024. *See* Minute Entry, ECF No. 311, (dated Nov. 22, 2024). Mr. Barnes filed his second motion to unseal the search warrant affidavit, as well as a motion to provide accessible electronically stored information, on December 6, 2024. *See* Sec. Mot. to Unseal Doc. & Provide Accessible ESI, ECF No. 316, (dated Dec. 6, 2024).

As an initial matter, the undersigned counsel believes the discovery issue regarding the body cam footage is in the process of being resolved. After December 6th, the body cam footage discovery was again provided to defense counsel electronically, along with detailed instructions on how to access and download the footage. The undersigned counsel conferred with defense counsel on December 12, 2024, and learned defense counsel continues to have difficulties accessing and downloading the material. The undersigned counsel tested the electronically provided link method and was easily able to download the materials. However, as a resolution to this matter, a flash drive is being prepared with the body cam footage and is in the process of being provided to defense counsel.

II.     **LEGAL FRAMEWORK**

Because the "rights assured by the Fourth Amendment are personal," courts suppress evidence only "at the instance of one whose own protection was infringed by the search and seizure." *Rakas v. Illinois*, 439 U.S. 128, 138 (1978) (cleaned up).  Thus, prior to evaluating any motion to suppress, courts must first find that Mr. Barnes's has "standing" to allege that his Fourth Amendment rights were infringed upon by the clubhouse search.  *Lewis*, 62 F.4th at 741 (citing *Rawlings v. Kentucky*, 448 U.S. 98, 106 (1980)).  It is Mr. Barnes's burden to establish standing.  *See id.*

"A defendant can establish that their Fourth Amendment rights were violated by showing they had a 'reasonable expectation of privacy' in the area searched." *Id.* (quoting *Katz v. United States*, 389 U.S. 347, 360 (1967) (Harlan, J., concurring)).  But these expectations of privacy must be "legitimate."  *United States v. Hayes*, 551 F.3d 138, 142 (2d Cir. 2008) (quoting *United States v. Thomas*, 757 F.2d 1359, 1366 (2d Cir. 1985)).  That is, not only must a defendant have "a subjective expectation of privacy," but that subjective expectation must be one "that society is prepared to accept as objectively reasonable." *Id.* (citing *Illinois v. Caballes*, 543 U.S. 405, 408 (2005)); *see United States v. McKenzie*, 13 F.4th 223, 232 (2d Cir. 2021) ("Courts employ a two-part inquiry to assess the legitimacy of a privacy expectation: first, has the individual manifested a subjective expectation of privacy in the object of the challenged search? Second, is society willing to recognize that expectation as reasonable?" (internal quotations omitted)).

III.   ANALYSIS

**A. The defendant has not satisfied his burden to demonstrate he had a subjective expectation of privacy in the premises at 417 Northumberland Avenue**

The unsigned affidavit of a Mr. Albert C. Usher should be given no evidentiary weight and is insufficient to establish a subjective expectation of privacy. A subjective expectation of privacy "must be established by a declaration or other affirmative statement of the person seeking to vindicate his or her personal Fourth Amendment interest in the thing or place searched." *United States v. Ulbricht*, 2014 WL 5090039, at *6 (S.D.N.Y. Oct. 10, 2014); *see also United States v. Baker*, 2009 WL 6594328, at *1 (W.D.N.Y. Dec. 17. 2009), report and recommendation adopted, 2010 WL 2465533 (W.D.N.Y. June 14, 2010) ("[A] defendant must submit an affidavit from someone with personal knowledge, demonstrating sufficient facts to show that he had a legally cognizable privacy interest in the searched premises at the time of the search."); *United States v. Sykes*, 2006 WL 22655309, at *9 (W.D.N.Y. July 31, 2006), report and recommendation adopted, 2006 WL 2711460, at *3 (W.D.N.Y. Sept. 20, 2006) (failure of defendant to submit an affidavit, "either by himself or someone else with personal knowledge, to satisfy his burden of demonstrating standing" requires denial of suppression motion).

The unsigned affidavit is for all intents and purposes, an affidavit of defense counsel. It appears to have been drafted by defense counsel. "An attorney affidavit is insufficient to establish standing – the privacy interest must be based on personal knowledge, and simply relying on the government's theory of control over the place searched is inadequate." *United States v. Montgomery*, 2017 WL 9517691, at *8 (W.D.N.Y. July 21, 2017). Accordingly, the affidavit fails to assist the defendant in his efforts to assert a subjective expectation of privacy in the premises at 417 Northumberland.

Likewise, the defendant has not himself asserted any specific facts alleging his own relationship with the second story space, such that the Court could conclude that he had a reasonable expectation of privacy in that area. The unsigned affidavit, even if given weight, only asserts allegedly how the *owner* of the property may have allowed the defendant to use the space, not how the defendant himself viewed and utilized the space. In *United States v. Lewis*, the Second Circuit adopted a fact-intensive framework in determining that the defendant lacked standing because he "fail[ed] to adduce before the district court any facts pertinent to his reasonable expectation of privacy over the porch," such as "the particular uses he made of the porch, . . . its proximity to his living area," its inaccessibility vis-à-vis other "visitors," or the "steps he took to maintain his privacy while using it." *Id.* at 741–42. This failure, combined with the fact that the porch was a shared space, compelled the district court's conclusion that the defendant lacked standing. *See id.* at 742.

To the contrary, as noted in the government's response to the defendant's first motion to unseal the affidavit, the defendant, by his own admission, asserts the second story was used as a "social" space. Barnes Aff. At 1 ¶ 3. Even if the owner of the property allowed the defendant to do so, the defendant himself does not allege that he took any steps to maintain that "social" space as a private area or that it was inaccessible to others. He does not allege any specific facts whatsoever evincing his relationship over the space or the amount of control he exercised over it. He therefore has failed to meet his burden to put forward specific facts that could establish standing to bring a Fourth Amendment challenge.

B. **The defendant did not have an objectively reasonable expectation of privacy in the premises at 417 Northumberland Avenue as his residency in the commercial premises was not authorized by law.**

Assuming, *arguendo*, even if the Court were to find that the defendant demonstrated a subjective expectation of privacy, he still lacks standing because he cannot satisfy the second component of standing. He cannot claim a legitimate, objectively reasonable expectation of privacy in a commercial premises where he was not permitted by New York law to reside. His second motion to unseal the search warrant affidavit does not offer a legitimate argument to change the initial analysis on this issue, as it relies solely on the assertion that a building classified as "482 DET ROW BLDG" permits apartments in the upper portion, to conclude that the residency was permitted, and thereby objectively reasonable. However, as noted *supra*, the fact remains, that his residency was not permitted, even if the alleged owner of the property, Albert C. Usher, allowed the defendant to reside there. As the issue of whether there can be a legitimate, objectively reasonable expectation of privacy in such a commercial premises was discussed extensively in the government's response to the defendant's first motion to unseal the search warrant affidavit, this motion incorporates those prior arguments and merely summarizes its previous argument. *See* ECF No. 295.

The defendant cannot claim a legitimate, objectively reasonable expectation of privacy in a commercial premises engaged in alcohol distribution that was subject to administrative searches by state authorities on a moment's notice. The defendant claims, through an unsigned affidavit, that he was permitted the upstairs space as a bedroom and permitted the ability to exercise control over the area, to the exclusion of others. This claim overlooks a critical premise, whether Mr. Usher had the legal authority in the first place to allow the defendant to

reside in the clubhouse. The answer to that is no. The entire building was a commercial premises and zoning laws prohibited the owner from allowing the defendant's residency. The Second Circuit indicated that an unlawful occupant's subjective expectation of privacy is not one that 'society is prepared to accept as objectively reasonable'" if it is in conflict with the law governing a property's use. *Wilson v. Sessoms-Newton*, No. 14-CV-00106 (PKC), 2017 WL 3575240, at *5 (E.D.N.Y. Aug. 17, 2017) (Chen, J.) (first quoting *United States v. Sanchez*, 635 F.2d 47, 64 (2d Cir. 1980); and then quoting *United States v. Ulbricht*, 858 F.3d 71, 96 (2d Cir. 2017), *abrogated on other grounds* by *Carpenter v. United States*, 585 U.S. 296 (2018)). The absence of the owners' lawful ability to give a residential right of occupancy means that the defendant's residency at the premises was unlawful and wrongful and cannot form the basis of any objectively reasonable expectation of privacy.

### IV.    CONCLUSION

For the foregoing reasons, the government respectfully submits that the Court should deny the defendant's second motion to unseal the search warrant affidavit (ECF No. 316).

DATED:  Buffalo, New York, December 13, 2024

                                      TRINI E. ROSS
                                      United States Attorney

BY:   s/ STACEY N. JACOVETTI
        Assistant United States Attorney
        United States Attorney's Office
        Western District of New York
        138 Delaware Avenue
        Buffalo, New York 14202
        (716) 843-5708
        Stacey.Jacovetti@usdoj.gov