IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

      v.                                                                        1:23CR-99

SCOTT BARNES,

           Defendant.

---

## PLEA AGREEMENT

The defendant, **SCOTT BARNES**, and the United States Attorney for the Western District of New York (hereinafter "the government") hereby enter into a plea agreement with the terms and conditions as set out below.

### I.    THE PLEA AND POSSIBLE SENTENCE

1.    The defendant agrees to plead guilty to Count 27 of the Second Superseding Indictment which charges a violation of Title 18, United States Code, Section 922(g)(1) (felon in possession of firearms), for which the maximum possible sentence is a term of imprisonment of 15 years, a fine of $250,000, a mandatory $100 special assessment, and a term of supervised release of 3 years. The defendant understands that the penalties set forth in this paragraph are the maximum penalties that can be imposed by the Court at sentencing.

1

2. The defendant understands that, if it is determined that the defendant has violated any of the terms or conditions of supervised release, the defendant may be required to serve in prison all or part of the term of supervised release, up to 2 years, without credit for time previously served on supervised release. As a consequence, a prison term imposed for a violation of supervised release may result in the defendant serving a sentencing of imprisonment longer than the statutory maximum set forth in ¶ 1 of this agreement.

## II. ELEMENTS AND FACTUAL BASIS

3. The defendant understands the nature of the offense set forth in ¶ 1 of this agreement and understands that if this case proceeded to trial, the government would be required to prove beyond a reasonable doubt the following elements of the crime:

   a. That the defendant was convicted in any court of a crime punishable by imprisonment for a term of imprisonment exceeding one year, as charged in Count 27 of the Indictment; [handwritten: → Second Superseding]

   b. That the defendant knew that he had previously been convicted in any court of a crime punishable by imprisonment for a term exceeding one year,

   c. That the defendant knowingly possessed a firearm as charged in Count 27 of the Second Superseding Indictment; and

   d. That the possession of the firearm was in or affecting interstate or foreign commerce.

[handwritten margin: 12/27/24 JAV SSB; DBC 12/27/24]

## FACTUAL BASIS

4. The defendant and the government agree to the following facts, which form the basis for the entry of the plea of guilty including relevant conduct:

   a. On or about December 7, 2023, in the Western District of New York, the defendant, SCOTT BARNES, knowing that he had been previously convicted of a crime punishable by a term of imprisonment exceeding

        one year, unlawfully did knowingly possess, in and affecting interstate commerce, a firearm.

b.    On December 7, 2023, law enforcement executed a search warrant at 417 Northumberland Avenue, Buffalo, New York. For several weeks prior to the execution of the search warrant, the defendant had been residing in the upper portion of the building.

c.    During the search of 417 Northumberland Avenue, officers recovered a Glock, Model 22, .40 caliber handgun, bearing serial number GPU157, loaded with 11 rounds of ammunition, on an end table near the defendant's sleeping area, and located nearby to various other personal items belonging to the defendant. The defendant admits to possessing that firearm on that date.

d.    The firearm, originally purchased at Howell's Gun Shop in Gray, Maine, in 2010. A police report was filed with the Portland, Maine, Police Department on or about January 30, 2013, by the owner, reporting the firearm as stolen.

e.    The defendant further admits that, on December 7, 2023, the defendant knew that he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, namely, Possession with Intent to Distribute LSD, on or about October 20, 1991, in a General Court Martial at Ford Ord, California.

f.    Neither the State of New York nor any other government authority has restored the rights of the defendant to lawfully possess a firearm.

g.    The defendant admits that the firearm was not manufactured in the State of New York and therefore, traveled in and affected interstate commerce prior to recovery in the Western District of New York.

### III.    SENTENCING GUIDELINES

5.    The defendant understands that the Court must consider but is not bound by the Sentencing Guidelines (Sentencing Reform Act of 1984).

### BASE OFFENSE LEVEL

6.    The government and the defendant agree that Guidelines § 2K2.1(a)(6)(A) applies to the offense of conviction and provides for a Base Offense Level of **14**.

## SPECIFIC OFFENSE CHARACTERISTICS
## U.S.S.G. CHAPTER 2 ADJUSTMENT

7. The government and the defendant agree that the following specific offense characteristic does apply:

   a. the two-level (2) increase pursuant to Guidelines § 2K2.1(b)(4) (Possession of a Stolen Firearm).

## ADJUSTED OFFENSE LEVEL

8. Based on paragraphs 6 and 7 of this agreement it is the understanding of the government and the defendant that the defendant's combined adjusted offense level is **16**.

## ACCEPTANCE OF RESPONSIBILITY

9. At sentencing, the government agrees not to oppose the recommendation that the Court apply the two (2) level decrease of Guidelines § 3E1.1(a) (acceptance of responsibility) and further agrees to move the Court to apply the additional one (1) level downward adjustment of Guidelines § 3E1.1(b), which would result in a total offense level of **13**.

## CRIMINAL HISTORY CATEGORY

10. It is the understanding of the government and the defendant that the defendant's criminal history category is **I**. The defendant understands that if the defendant is sentenced for, or convicted of, any other charges prior to sentencing in this action the defendant's criminal history category may increase. The defendant understands that the defendant has no right to withdraw the pleas of guilty based on the Court's determination of the defendant's criminal history category.

## GUIDELINES' APPLICATION, CALCULATIONS AND IMPACT

11. It is the understanding of the government and the defendant that, with a total offense level of **13** and a criminal history category of **I**, the defendant's sentencing range would be a term of imprisonment of **12 to 18 months**, a fine of **$5,500 to $55,000**, and a period of supervised release of **1 to 3 years**. Notwithstanding this, the defendant understands that at sentencing the defendant is subject to the minimum and maximum penalties set forth in ¶ 1 of this agreement.

12. The government and the defendant agree to the correctness of the calculation of the Sentencing Guidelines range set forth above. The government and the defendant, however, reserve the right to recommend a sentence outside the Sentencing Guidelines range. This paragraph reserves the right to the government and the defendant to bring to the attention of the Court all information deemed relevant to a determination of the proper sentence in this action.

13. The defendant understands that the Court is not bound to accept any Sentencing Guidelines calculations set forth in this agreement and the defendant will not be entitled to withdraw the plea of guilty based on the sentence imposed by the Court.

14. In the event the Court contemplates any Guidelines adjustments, departures, or calculations different from those agreed to by the parties above, the parties reserve the right to answer any inquiries by the Court concerning the same.

## IV.   STATUTE OF LIMITATIONS

15.   In the event the defendant's plea of guilty is withdrawn, or conviction vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or otherwise, the defendant agrees that any charges dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government and further agrees not to assert the statute of limitations as a defense to any federal criminal offense which is not time barred as of the date of this agreement. This waiver shall be effective for a period of six months following the date upon which the withdrawal of the guilty plea or vacating of the conviction becomes final.

## V.   REMOVAL

16.   The defendant represents that the defendant is a citizen of the United States. However, if the defendant is not a citizen of the United States, the defendant understands that, if convicted, a defendant who is not a citizen of the United States may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

## VI.   GOVERNMENT RIGHTS AND OBLIGATIONS

17.   The defendant understands that the government has reserved the right to:

a.   provide to the Probation Office and the Court all the information and evidence in its possession that the government deems relevant concerning the defendant's background, character and involvement in the offense charged, the circumstances surrounding the charge and the defendant's criminal history;

b.   respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the information and evidence available to the government;

      c.      advocate for a specific sentence consistent with the terms of this agreement;

      e.      modify its position with respect to any sentencing recommendation or sentencing factor under the Guidelines including criminal history category, in the event that subsequent to this agreement the government receives previously unknown information, including conduct and statements by the defendant subsequent to this agreement, regarding the recommendation or factor; and

      f.      oppose any application for a downward departure and/or sentence outside the Guidelines range made by the defendant.

18. At sentencing, the government will move to dismiss Count 28 of the Indictment pending against the defendant under 23-CR-099.

19. The defendant agrees that any financial records and information provided by the defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

## VII.  APPEAL RIGHTS

20. The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed. The defendant, however, knowingly waives the right to appeal and collaterally attack any component of a sentence imposed by the Court which falls within or is less than a term of imprisonment of **12 to 18 months**, a fine of **$5,500 to $55,000** as set forth in Section III, ¶ 11, above, notwithstanding the manner in which the Court determines the sentence. In the event of an appeal of the defendant's sentence by the government, the defendant reserves the right to argue the correctness of the defendant's sentence.

21. The defendant understands that by agreeing not to collaterally attack the sentence, the defendant is waiving the right to challenge the sentence in the event that in the future the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.

22. The government waives its right to appeal any component of a sentence imposed by the Court which falls within or is greater than a term of imprisonment **12 to 18 months**, a fine of **$5,500 to $55,000,** as set forth in Section III, ¶ 11, above, notwithstanding the manner in which the Court determines the sentence. However, in the event of an appeal from the defendant's sentence by the defendant, the government reserves its right to argue the correctness of the defendant's sentence.

## VIII. FORFEITURE PROVISIONS

23. The defendant acknowledges that the defendant is the owner and/or exercised dominion and control of the firearm and ammunition described below and agrees to immediately criminally forfeit all of the defendant's right, title, and interest to any and all property which is subject to forfeiture pursuant to Title 18, United States Code, Sections 924(d) and 3665, and Title 28, United States Code, Section 2461(c), which is in the possession and control of the defendant or the defendant's nominees. That property includes the following seized on or about December 7, 2023 from 417 Northumberland Avenue, Buffalo, New York:

**FIREARM & AMMUNITION:**

    a.    One (1) Glock 22 handgun, .40 caliber, bearing serial number GPU157; and

    b.    Approximately eleven (11) unfired .40 caliber ammunition with magazine.

24.    The defendant also agrees that the asset(s) listed above are properly forfeitable to the government pursuant to Title 18, United States Code, Sections 924(d) and 3665, and Title 28, United States Code, Section 2461(c).

25.    The defendant agrees not to file a claim or petition seeking remission or contesting the forfeiture of the property listed above in any administrative or judicial (civil or criminal) proceeding. The defendant further agrees not to assist any person or entity in the filing of any claim or petition seeking remission or contesting the forfeiture of the property listed above in any administrative or judicial (civil or criminal) forfeiture proceeding. Further, if any third party files a claim to the property listed above, the defendant will assist the government in defending such claim.

26.    After the acceptance of the defendant's guilty plea, and pursuant to Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the Court will issue a Preliminary Order of Forfeiture for the property listed above. The defendant hereby waives any right to notice of such Preliminary Order of Forfeiture. The defendant further consents and agrees that the Preliminary Order of Forfeiture and a Final Order of Forfeiture shall issue and become final as to the defendant prior to sentencing and agrees that it shall be made part of the defendant's sentence and included in the judgment pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure. The defendant further agrees to waive any time

restrictions or requirements as provided in Title 18, United States Code, Section 983, any notice provisions in Rules 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant knowingly and voluntarily waives the defendant's right to any required notice concerning the forfeiture of any of the property forfeited hereunder, including notice set forth in an indictment, information or administrative notice. The defendant acknowledges that the defendant understands that the forfeiture of property is part of the sentence that may be imposed in this case and waives any failure by the Court to advise the defendant of this, pursuant to Rule 11(b)(1)(J), at the time the guilty plea is accepted.

27. The defendant knowingly, intelligently, and voluntarily waives his right to a jury trial on the forfeiture of the property. The defendant knowingly, intelligently, and voluntarily waives all constitutional, legal and equitable defenses to the forfeiture of the property in any proceeding, including any defenses based on jeopardy defense or claim of double jeopardy, whether constitutional or statutory, as to this criminal proceeding or any related civil or administrative proceeding, the <u>Ex Post Facto</u> clause of the Constitution, any applicable statute of limitations, venue, or any defense under the Eighth Amendment, including a claim of excessive fines.

28. The defendant agrees that the above-described property is subject to forfeiture and waives any and all statutory and constitutional rights, including but not limited to time restrictions and notice provisions with respect to the final disposition or forfeiture of the above property. The defendant further agrees to the destruction of the above referenced property.

29. The defendant further agrees that the forfeiture of the aforementioned property as authorized herein shall not be deemed an alteration of the defendant's sentence. Forfeiture of the defendant's property shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, any income taxes or any other penalty that the Court may impose upon the defendant in addition to forfeiture and shall survive bankruptcy.

30. The defendant agrees that in the event this plea agreement is voided for any reason, the agreement for forfeiture, abandonment, and disposition of the firearm and ammunition survives and shall be given full force and effect. The failure of the defendant to forfeit any property as required under this agreement, including the failure of the defendant to execute any document to accomplish the same on timely notice to do so, may constitute a material breach of this agreement.

31. The defendant agrees that if, for any reason, in any pleadings before the Court, or any order of the Court, including but not limited to the Preliminary and/or Final Order of Forfeiture and the Judgment and Commitment, the government fails to properly identify an item to be forfeited, fails to include any item that is forfeitable under the applicable forfeiture statute in this case, or includes a clerical or technical error, the defendant will consent and not oppose any effort by the government to amend, correct, or add to the description/list of items subject to forfeiture in this case. Additionally, to the extent necessary, and at the discretion of the United States Attorney's Office, the defendant further agrees in the alternative, to the abandonment or civil forfeiture of any items that were excluded from the original description of items to be forfeited. Finally, if not specially identified or listed above, the defendant agrees to the abandonment of any and all cellular phones seized by law enforcement in this case.

## IX.   TOTAL AGREEMENT AND AFFIRMATIONS

30.   This plea agreement represents the total agreement between the defendant, **SCOTT BARNES**, and the government.  There are no promises made by anyone other than those contained in this agreement. This agreement supersedes any other prior agreements, written or oral, entered into between the government and the defendant.

TRINI E. ROSS
United States Attorney
Western District of New York

BY: _____
STACEY N. JACOVETTI
Assistant United States Attorney

Dated: December 27, 2024

I have read this agreement, which consists of pages 1 through 12.  I have had a full opportunity to discuss this agreement with my attorney, David Cotter, Esq.  I agree that it represents the total agreement reached between me and the government.  No promises or representations have been made to me other than what is contained in this agreement.  I understand all of the consequences of my plea of guilty.  I fully agree with the contents of this agreement.  I am signing this agreement voluntarily and of my own free will.

_____              _____
SCOTT BARNES                                            DAVID COTTER, ESQ.
Defendant                                                        Attorney for the Defendant

Dated: December 27, 2024                      Dated: December 27, 2024