UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| UNITED STATES OF AMERICA, | **NOTICE OF MOTION** |
| vs. | |
| SCOTT J. BARNES, | Docket No. 1:23-CR-00099-LJV-JJM |
|         Defendant. | |

_____

| | |
|---|---|
| Motion By: | David B. Cotter, Esq., Attorney for Defendant Scott J. Barnes |
| Date, Time, & Place: | Before the Hon. Lawrence J. Vilardo, U.S.D.J., 2 Niagara Square, Buffalo, New York 14202 at a date and time to be determined by the court |
| Supporting Papers: | Affirmation of David B. Cotter, Esq., attorney for Defendant Scott J. Barnes dated January 2, 2025 |
| Relief Requested: | Release pending sentencing |
| Dated: | January 2, 2025<br>Buffalo, New York |

                                              **COTTER & COTTER, P.C.**

                                              _____
                                              David B. Cotter, Esq.
                                              *Attorney for Defendant Scott J. Barnes*
                                              380 Cleveland Drive
                                              Buffalo, NY 14215
                                              Telephone:  (716) 634-7920

TO:    Stacey N. Jacovetti, Esq., AUSA
         138 Delaware Avenue
         Buffalo, NY 14202
         (716) 843-5700

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

vs.

SCOTT J. BARNES,
                Defendant.

**AFFIRMATION**

Docket No. 1:23-CR-00099-LJV-JJM

---

STATE OF NEW YORK }
COUNTY OF ERIE      } ss.:

      David B. Cotter, an attorney at law duly licensed to practice before the United States District Court for the Western District of New York and I affirm the following to be true under penalty of perjury.

1. I represent the Defendant, Scott J. Barnes in the above captioned matter and have since shortly after his arrest on December 7, 2023. As such, I am fully familiar with the facts and circumstances of his case.

2. Mr. Barnes is a 56 year old journeyman electrician and has a minimal criminal history.

3. He was originally arrested on December 7, 2023[1]; thereafter, he was included in a Second Superseding Indictment with eight other individuals who were all charged with various conspiracies; Mr. Barnes was not charged with any of the conspiracies with which the co-defendants were charged.

4. On or about October 14, 2024 (Docket Entry 258) I moved to have Mr. Barnes severed from his co-defendants on the Second Superseding Indictment. The motion to sever Mr. Barnes was granted on October 24, 2024 (Text Order Docket Entry 272).

---

[1] Mr. Barnes was arrested following a search of 417 Northumberland, Buffalo NY, a clubhouse for a motorcycle club. He was staying there because he had not worked for several months (see infra).

5. The parties then appeared before this Court on November 1, 2024 and set a trial date with jury selection occurring on January 27, 2025.

6. On December 12, 2024, I received a phone call from an Assistant U.S. Attorney who would be replacing the trial team that had been handling the original Superseding Indictment and related cases for the last several years. I was further advised that preliminary guideline calculations used by the government - and which were represented in Court - starting in the December 2023 Detention Hearing and Appeal - were incorrectly made. That calculation anticipated Barnes' guideline exposure was approximately 36 months.

7. Because of the nature of the case and my assumption that a plea was not something Mr. Barnes would ever consider, I never did an independent assessment of his criminal history or a potential guidelines range until after the conversation with the new prosecutor.

8. After the December 12, 2024 discussion with the new Assistant United States Attorney, it became evident that waiting for a January 27, 2025 trial date was no longer in Mr. Barnes' interest.

9. On December 27, 2024, Mr. Barnes appeared before USMJ McCarthy and entered a plea of guilty violating 18 USC 922(g); Magistrate McCarthy's Report and Recommendation issued later the same day (Docket 333).

10. Although this Court has not yet accepted Magistrate McCarthy's Report and Recommendation and sentencing is not yet scheduled, this motion is timely.

11. We are all aware that there is usually a minimum of 100 days between a plea and scheduled sentencing. In addition, there are often events that cause a sentencing

date to be adjourned. Were that to be the case, Mr. Barnes could wind up spending more time in custody that his ultimate sentence.

12. This motion for release pending sentencing will likely be made in two parts. This, the first will be public. Once I am in possession of medical records from the Niagara County Holding Center, I will request permission from the Court to file those records under seal. I hand delivered a release or authorization to the Niagara County Holding Center on the 23rd day of December, 2024, together with a prepaid postage envelope but have not yet received the requested records. Upon recollection and belief, there was a filing of some of Mr. Barnes' medical records back in March or April 2024[2].

13. After discussions with the new Assistant United States Attorney, a Plea Agreement was reached and an order of reference to take the plea before a Magistrate Judge issued. On December 27, 2024 Mr. Barnes appeared before Magistrate Jeremiah J. McCarthy and pled guilty to a single count of being a felon in possession of a weapon in violation of 18 USC 922(g).

14. The Plea Agreement contains an initial indication of the U.S. Sentencing Guidelines calculation which has Mr. Barnes exposed (pursuant to the advisory guidelines) for a sentence of between 12 and 18 months.

15. Mr. Barnes has been detained since the day of his arrest nearly 13 months ago. With the additional inclusion of good time credits that would be awarded by the Bureau of Prisons, Mr. Barnes has approximately 15 months in custody thus far.

---

[2] A cursory review of the docket does not reflect my memory; there were approximately 27 pages of notes/records from his back surgeon. The records may have been delivered to NCHC rather than the Court.

16. In the filings referenced above from late December 2023[3] through the spring of 2024 (February 23, 2024 Docket Entry 81, April 4, 2024 Docket Entry 108 and 113) I have detailed Mr. Barnes' medical situation.

17. In short, he broke his back in March 2023 but was unaware of the injury until his legs wouldn't move two days after the accident; he had emergency back surgery in March 2023 which included the insertion of a titanium rod in or along his spine; he had and followed physical therapy instructions and was able to return to work by mid to late October 2024; however, thereafter in November 2024 he fell and bent the rod in his back. He then had subsequent emergency back surgery on or around November 16, 2024 and was taken into custody 3 ½ weeks later. After that second major back surgery, Mr. Barnes has had little post-operative treatment, physical therapy, etc.

18. In addition to contracting MRSA and Covid while in custody, Barnes spent 40 days in the secured housing unit because of being Covid positive, developed growths on his thyroid, got an indication that sonogram results revealed liver abnormalities, and, has darkness on his left toes and the top of his left foot, and has not received any physical therapy or post-operative treatment. In sum, the conditions of Mr. Barnes' incarceration have been particularly brutal.

19. The medical treatment he has received at Niagara County is substandard, to say the least. No amount of complaining or whining by counsel has alleviated this situation.

---

[3] My first motion addressing his medical needs was made during the period between the December 12, 2023 detention hearing and the government's appear of his release on conditions (Docket entry 4 filed 12/13/23).

20. Mr. Barnes needs to be released from custody so he can get proper medical treatment. Continued remand will result in unjust detention.

21. Counsel is aware that the wide range of factors that a Court may consider include: 1) the nature of the defendant's criminal conduct; 2) the defendant's prior record; 3) the length of the prison sentence; 4) circumstances that may render the hardships of prison unusually harsh, such as illness or injury; 5) the likelihood of success on a pending appeal; and, 6) whether the defendant was unusually cooperative with the Government. The above list comes from <u>United States v. Garcia</u> 340 F.3d 1013, 1018-22 (9th Cir. 2003) and was cited in <u>U.S. v. Schlesinger</u> (02-CR-485 EDNY 2005).

22. From the list, 5) and 6) are inapplicable. As for the nature of the criminal conduct, Mr. Barnes accepted responsibility for being a felon in possession of a loaded weapon (which was apparently stolen, but, he is not charged with the theft); His prior record is minimal – in 1991 while an enlistee in the US Army, he shared 4 tabs of LSD with three friends while off-duty. Charged with distribution, he served 4 years. Beyond that he has a 2018 low level criminal case arising from a bar altercation in New Hampshire.

23. As for the length of the prison sentence, the maximum he faces is 15 years; however, given his relative lack of criminal history, age and medical needs, a guideline sentence is more likely, and, he has already served most of it. Lastly, with respect to the hardships of prison being unduly harsh, please see this affidavit. Being crippled should not be the consequence of a criminal justice sentence.

24. I have briefly discussed the within motion with Ms. Jacovetti, the prosecutor, who indicated she would likely oppose the relief requested, but my expectation is that the opposition will be tepid.

25. Though sentencing has not yet been scheduled before this Court, the Presentence Investigation Interview was conducted at the Niagara County Holding Center on January 2, 2025.

WHEREFORE, your affiant respectfully requests this Court grant the within motion and allow Mr. Barnes to be released pending his as of yet unscheduled sentencing so that he may address, properly, his medical needs.

Dated: January 2, 2025
       Buffalo, New York

_____
David B. Cotter

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

vs.

SCOTT J. BARNES,

          Defendant.

**CERTIFICATE OF SERVICE**

Docket No. 1:23-CR-00099-LJV-JJM

---

    David B. Cotter, states that on January 2, 205 a Notice of Motion and Affirmation were electronically filed with the Clerk of the District Court using its CM/ECF system, which would then electronically notify the following CM/ECF participants on this case:

Assistant United States Attorney Stacey N. Jacovetti

                                                     _____
                                                     David B. Cotter