UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v.  23-CR-99

SCOTT BARNES,

                Defendant.

---

### GOVERNMENT'S RESPONSE IN OPPOSITION TO THE DEFENDANT'S MOTION FOR RELEASE FROM DETENTION

**THE UNITED STATES OF AMERICA**, through its attorneys, Trini E. Ross, United States Attorney for the Western District of New York, and Stacey N. Jacovetti, Assistant United States Attorney, of counsel, hereby files this response in opposition to the defendant's motion seeking his release from detention pursuant to 18 U.S.C. § 3142. For the reasons set forth below, the defendant's motion should be denied.

### FACTUAL BACKGROUND

On December 7, 2023, a Complaint was filed charging the defendant with a violation of Title 21, United States Code, Section 922(g)(1), for felon in possession of a firearm. On the same date, the Government moved for detention. On December 12, 2023, a detention hearing was held before the Honorable H. Kenneth Schroeder Jr., and the Court denied the Government's motion for detention. The Government appealed. On December 27, 2023, oral argument on detention was held before the Honorable Elizabeth A. Wolford. On January 3, 2024, a Decision and Order was issued by Judge Wolford granting the Government's motion for detention pending trial. See Dkt. 7. On January 5, 2024, an Indictment was filed.

In concluding the defendant should be detained pending trial, the Court noted that the defendant was charged with a crime of violence. See Dkt. 7, Pg. 13. Moreover, "the dangerousness of the crime in this case is only heightened by the stolen nature of the firearm and the Defendant's incredible denial to law enforcement of any knowledge of weapons or firearms within the Clubhouse." Id. The Court also considered the defendant's medical issues, including his being "somewhat disabled" due to major revision spine surgery. Id. at 14. The Court noted that "balanced against those facts is Defendant's transient lifestyle, consistent with his apparent position within the Outlaws MC. He has no family ties to the area, or even identified family." Id. The Court also highlighted that the "Defendant's more recent misdemeanor convictions reflect dangerous activity where the Defendant appears to have engaged in an act of violence in order to promote the Outlaws MC and prevent other individuals from wearing colors supporting a rival motorcycle club at Halligan's bar in November 2022." Id. The Court found that the Government established by clear and convincing evidence that the defendant held a prominent leadership role within the Outlaws MC, and his role was related to enforcement. Id. The Court found that because of those ties, the defendant could ready access to a vast network that could facilitate an effort to flee and hide from law enforcement.

The Court concluded that the nature and seriousness of danger to any person or the community that would be posed by the defendant's release was significant given evidence proffered by the government that the defendant engaged in acts of violence or threats of violence simply to protect against others wearing colors supporting a rival motorcycle club within Outlaws MC territory. Id. at 15-16. The Court noted the Defendant's membership in an organization that endorses that individuals should not cooperate with law enforcement, and

those who do should be punished. Id. Lastly, the Court referenced the Outlaws MC links to Pharoah's and its owner, Peter Gerace, and the pending criminal trial versus Peter Gerace, to highlight concerns regarding safety of cooperators.

On December 27, 2024, the defendant pled guilty pursuant to a plea agreement to Count 27 of the Indictment, which charged a violation of Title 18, United States Code, Section 922(g)(1). Count 27 carries a maximum of 15 years imprisonment. The plea agreement provides for a term of imprisonment between 12 to 18 months. The defendant has been in custody since his arrest on December 7, 2023 (approximately 13 months).

On January 2, 2025, the defendant made a motion for release from custody. The government's response ensues.

## ARGUMENT

Title 18, United States Code, Section 3143(a)(2), provides that "the judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A) (crime of violence), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition or execution of a sentence be detained unless – (A)(ii) an attorney for the Government has recommended that no sentence be imposed on the person; and (B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community. Felon in possession of a firearm constitutes a "crime of violence" for purposes of the Bail Reform Act. United States v. Watkins, 940 F.3d 152 (2d Cir. 2019).

Title 18, United States Code, Section 3145(c) provides that "a person subject to detention pursuant to section 3143(a)(2) or (b)(2), and who meets the conditions of release set forth in 3143(a)(1) or (b)(1), may be ordered released under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate.

Here, the defendant was found guilty of an offense under Title 18, United States Code, Section 3142(f)(1)(A), for a crime of violence. The Government is recommending a sentence of imprisonment be imposed in this case. The Government plans to argue at least for the high end of the guidelines range at sentencing, which is 18 months. Therefore, detention is required under Title 18 United States Code Section, 3143(a)(2), unless the defendant demonstrates "exceptional reasons."

The defendant has the burden to demonstrate that his medical conditions constitute an "exceptional reason" justifying his release under Title 18 United States Code Section 3145(c). There is no evidence to suggest that his conditions are unusually serious conditions that require treatment that the Bureau of Prisons is unable to provide. See United States v. Larue, 478 F.3d 924, 925 (8th Cir. 2007) (stating circumstances under § 3145(c) must be "clearly out of the ordinary, uncommon, or rare"); United States v. Haugen, 2015 WL 2070703, at *2 (D. Minn. May 4, 2015) (denying release pending sentencing even where defendant had multiple sclerosis, a "serious" medical condition, and alleged she had been denied medications and medical treatment); United States v. Thomason, 449 F. Supp. 3d 877, 882 (D. Minn. 2019) (defendant has not identified specific facts concerning his health situation that render it exceptional relative to whatever care he receives (or has not received) in custody). The defendant notes that the

medical treatment he has received at Niagara County is substandard; however, does not explain how so, other than to note that he has suffered additional medical conditions since being detained. It does not appear that these medical conditions were caused by, or connected to, his detention. In any event, based on the defendant's motion, it appears that he is at least in the process of receiving treatment as he had a sonogram and was informed of the results. There is no evidence to suggest that his conditions are so uncommon or out of the ordinary that they cannot be treated by the BOP.

Accordingly, no exceptional reasons justify the defendant's release pending sentencing, and the government requests the Court deny the defendant's motion.

## CONCLUSION

For all of the foregoing reasons, the Court should deny the defendant's motion for release.

DATED: Buffalo, New York, January 3, 2025.

                                        TRINI E. ROSS
                                        United States Attorney

BY:    s/Stacey N. Jacovetti
          Assistant United States Attorney
          United States Attorney's Office
          Western District of New York
          138 Delaware Avenue
          Buffalo, New York 14202
          716/843-5708
          Stacey.Jacovetti@usdoj.gov