UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

vs.

SCOTT J. BARNES,

              Defendant.
_____

**SENTENCING MEMORANDUM**

Docket No. 1:23-CR-00099-LJV-JJM

**SENTENCING MEMORANDUM**

David B. Cotter, Esq.
COTTER & COTTER, P.C.
380 Cleveland Drive
Buffalo, NY 14215
Telephone: (716) 634-7920
dbacotter@aol.com

TO: Stacey Jacovetti, Esq., AUSA
     138 Delaware Avenue
     Buffalo, NY 14202
     (716) 843-5700
     Stacey.jacovetti@usdoj.gov

This Sentencing Memorandum is submitted by counsel on behalf of Scott J. Barnes and argues for a sentence that is sufficient, but not greater than necessary under the parsimony clause of 18 USC §3553.

Under the guidelines, Mr. Barnes is subjected to a sentence of between 12 and 18 months, though there is a statutory maximum. Because of the conduct of this case and his physical condition, Mr. Barnes has been subjected to cruel pretrial incarceration for approximately 13 months (from December 7, 2023 to January 7, 2025). He was taken into custody approximately 3 weeks after he had a second major back surgery. While in custody he was essentially denied post-surgical visits, physical therapy, his pain medication was disrupted, he complaints ignored or dismissed, was given a metal bed to sleep on, afflicted with illnesses, and generally held under sub-human conditions.

With an application of approximately two months' worth of good time credit earned while in custody, Mr. Barns would have 15 months, based on a determination to be made by the Bureau of Prisons.

As a matter of background, and explanation for the comments made above, the following is offered: at some point in March 2023, Mr. Barnes was involved in a mishap caused by inadequate roads while visiting Florida. Two days after he returned back to Buffalo, he had no feeling in his legs and learned that he had broken his back during that Florida incident. Emergency surgery was performed and by October 2023 he had rehabilitated enough so that he began working part time. In November 2024 he fell down a set of stairs and bent the titanium rod that had been inserted in his spine in the March 2024 back surgery. He again had back surgery in November 2023 to remove and replace the bent rod in his spine.

That second surgery was done at ECMC on or about November 16, 2024. Mr. Barnes remained in the hospital for several days and then went to convalesce (as he had essentially been out of work for eight months). He was taken into custody on December 7, 2024 and received no post-surgical treatment, physical therapy or any other rehabilitative attention. While in custody, first in Livingston County, then in Niagara, he was subjected to inadequate medical attention, denied a cane to help ambulate, had his painkillers interrupted and medical concerns ignored or dismissed. He was in agonizing pain, given, initially, a metal bed to sleep on. He developed difficulty with his left leg, his left foot swelled up and three toes on that foot discolored and blackened.

He also had a MRSA infection and caught COVID which resulted in a 47 day stay in the NCHC special housing medical unit which required him to remain in his cell for 23 hours and 45 minutes per day; the 15 minute break was for showering and included the time it takes for the water to warm up.

Mr. Barnes' second surgery caused pain in his left leg, to the point where he lost feeling in his left foot and several toes on that foot started turning black. In March (or early April) 2024, USMJ McCarthy was inclined to release Mr. Barnes if the government did not arrange for Barnes to be seen by his surgeon. The surgeon prescribed physical therapy but only one or two sessions occurred. An interplay of finger pointing between the USM and Niagara Co. Sheriff ensued – each blaming the other for delays and failures. Meanwhile, Barnes wasted away, in pain and fear of amputation or lifelong paralysis.

In April or May of 2025, after being released, he learned that the primary cause of his discomfort in his left leg and foot was caused by a screw used to attach the titanium bar to his spine was digging into a nerve that runs down his left leg.

He had his third back surgery on June 16, 2025 and was released to rehab at ECMC on July 7, 2025. Scott can now move the toes on his left foot, but it is unlikely he will ever recover fully from that period of incarceration. Scott is a journeyman electrician and was a competitive power lifter. His physique has always been important to him. The prospects of regaining his prior physical form – prior to the March 2023 motorcycle accident – are dim.

For nearly a quarter of a century, the Second Circuit has recognized that pre-sentencing confinement conditions may be, in appropriate cases, a permissible basis for a downward departure (US v Carty 264 F3d 191, 196 2nd Cir. 2001).

The superseding Indictment charged several individuals with several different conspiracies but never accused Barnes of being a participant in any of the conspiracies. It was utterly unnecessary to include him in this indictment.

Barnes is not seeking a downward departure from a guideline sentence – rather he seeks a sentence of time served[1] and the shortest possible period of post-release supervision. By the time of sentencing, he will have been released on conditions for seven months and has had no issues during this period of supervision.

Barnes understands that with detention come certain deprivations. He further understands that there would be a gap between the medical services available at Livingston or Niagara County[2] jails is less than that which is available at ECMC; however the utter disregard for his complaints and overall treatment went beyond the pale.

---

[1] Barnes is NOT looking for this court to pronounce a sentence of 13 months whereby he may have to re-enter custody for the BoP to make a determination. Counsel has had at least two other cases where sentences were imposed similar in length to that which has already been served and the resulting delays caused by the interplay between US Marshals, BoP and local facilities resulted in an extra month or so of custodial detention.

[2] Sadly, he was transferred to Niagara because its medical treatment was supposed to be better than Livingston's – but it was worse.

Barnes' detention went beyond the zone of what could reasonably be expected to a pre-trial detainee and exacted suffering of a kind and to a degree[3] and inflicted upon him a magnitude of punishment effectively disproportionate to that meted out to offenders in the ordinary case. Those 13 months in custody have already disproportionately punished Barnes and his ultimate sentence should thus be time served.

**Specific request with respect to sharing discovery**

When Mr. Barnes was in custody I visited him several times at the Niagara County Holding Center. At one such meeting, we went over some of the body worn camera videos that were produced by the government during the discovery process (they were not released until late summer 2024). Approximately 10 of the FBI Agents who executed the warrant wore the body worn camera videos; approximately 20 hours of BWC videos were produced.

Discovery in this case, for a number of reasons, is under restriction by a Protective Order. Part of this Memo seeks permission from the Court to produce a screen shot from the body worn camera videos that shows Mr. Barnes handcuffed at the back of one of the armored vehicles present during the search warrant execution on December 7, 2023. Mr. Barnes' reason for this request is personal.

The video appears to be named f3099737_2023-12-07T10.54.00222Z_1800.15.40 and is found approximately at the 18:14 mark of said video. Counsel could make a motion under seal and produce the image – but the same seems like unnecessary overkill – the government's reasons for seeking (very late) a protective order were based primarily on the safety of witnesses, etc. The image described above, no person (even Mr. Barnes) is identifiable – nor is the license plate of the armored personnel carrier.

---

[3] 18 USC 3553 (b)

WHEREFORE, counsel respectfully requests that this Court sentence Mr. Barnes to a period of incarceration of time served and impose the shortest period of post release supervision available to the court.

Dated: July 22, 2025  
       Buffalo, New York

                                    David B. Cotter